IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CUCH NGUYEN, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2484 |
| | § | |
| BP EXPLORATION & | § | |
| PRODUCTION INC., *et al.*, | § | |
|    Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("MDL") [Doc. # 9] filed by Defendants BP Exploration & Production Inc., BP America Inc, and BP Products North America, Inc. (collectively, "BP"), to which Plaintiffs filed a Response [Doc. # 13], and BP filed a Reply [Doc. # 17]. Also pending is a Motion to Stay Pending Decision on MDL Transfer [Doc. # 12] filed by Defendant Cameron International Corporation ("Cameron"), to which Plaintiffs filed a Response [Doc. # 14]. Having considered the full record and the relevant legal authorities, the Court **grants** the Motions to Stay.

This case is one of many state and federal lawsuits arising out of the explosion and fire on the Deepwater Horizon drilling rig on April 20, 2010. Indeed, Cameron represents in its Motion to Stay that there are currently 78 scheduled actions and more

than 135 tag-along actions potentially subject to transfer and consolidation in the MDL. BP and Cameron seek a stay of this lawsuit until the Judicial Panel on Multidistrict Litigation ("Panel") decides BP's Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings filed in *In re: Deepwater Horizon Incident Litigation*, MDL No. 2179. BP's Motion was scheduled to be heard by the Panel on July 29, 2010, and a decision is expected by mid-August. Cameron represents that, as yet, no party to MDL-2179 has expressed any general opposition to transfer and centralization of the scheduled and tag-along cases.

The Court has inherent power to stay proceedings. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *BarTex Research v. FedEx Corp.*, 611 F. Supp. 2d 647, 649 (E.D. Tex 2009). When deciding whether to grant a stay, the Court weighs competing interests and balances competing hardships. *See Cajun Offshore Charters v. BP Prods. North Am.*, 2010 WL 2160292, *1 (E.D. La. May 25, 2010); *Mathis v. Bristol-Myers Squibb Co.*, 2003 WL 1193668, *1 (E.D. La. Mar. 12, 2003). Specifically, the Court considers (1) the potential prejudice to Plaintiffs from a brief stay; (2) the hardship to BP if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation if the Panel grants BP's motion. *See Cajun Offshore*, 2010 WL 2160292 at *1.

In this case, the Court finds that Plaintiffs will not suffer great prejudice if the brief stay is granted. The claims against the Transocean Defendants have already been stayed in connection with Transocean's Limitation of Liability action, Civil Action No. H-10-cv-1721. The stay against the remaining Defendants in this case should be in effect for no more than a few weeks. Indeed, BP's request for MDL consolidation of the many pending cases was scheduled for a hearing on July 29, 2010, and appears to be unopposed. Plaintiffs argue that they have a pending motion to remand, but that motion is not yet fully briefed and is unlikely to be decided before the Panel decides BP's motion regarding consolidation of these cases into an MDL. The motion can be decided promptly either by the court to which the MDL is assigned if the Panel grants BP's request or by this Court if BP's request is denied.

The Court finds that BP and Cameron may suffer significant hardship if the stay is denied. Defendants face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its decision.

The savings in time and expense to the judiciary and the parties will clearly be enormous if the hundreds of related cases are consolidated in a single MDL proceeding.

Based on the Court's consideration of the record and the relevant legal authorities, it is hereby

**ORDERED** that the Motions for Stay [Docs. # 9 and # 12] are **GRANTED**. This case is **STAYED AND ADMINISTRATIVELY CLOSED** pending a decision by the Panel in *In re: Deepwater Horizon Incident Litigation*, MDL-2179. It is further

**ORDERED** that counsel shall file a written notice with this Court advising of the Panel's decision on BP's request for MDL consolidation.

SIGNED at Houston, Texas, this **9th** day of **August, 2010**.

_____
Nancy F. Atlas
United States District Judge